| | |
|---|---|
| UNITED STATES COURT OF APPEALS<br>SECOND CIRCUIT<br>-------------------------------------------------------X<br>CHRISTIAN KILLORAN,<br><br>                Plaintiff-Appellant,<br><br>TERRIE KILLORAN, et al.,<br><br>                Plaintiffs,<br><br>    -against-<br><br>WESTHAMPTON BEACH SCHOOL<br>DISTRICT, et al.<br><br>                Defendant-Appellees,<br>-------------------------------------------------------X | Docket Nos.. 22-0204 and 22-2647<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE NOTICES OF APPEAL, BRIEF, AND APPENDIX** |

      SCOTT J. KREPPEIN, an attorney duly admitted to practice before this Court, respectfully submits the following Memorandum of Law in support of Appellees' motion to strike Appellant's Notice of Appeal, Appendix, and Brief:

**FACTS**

      The underlying matters involve administrative appeals challenging a disabled student's individualized education plans, with associated civil rights claims. Docket Number 22-204 relates to the 2016-2017 and 2017-2018 school years; while Docket No. 21-2647 related to the 2018-2019 school year. By Order dated February 22, 2022, this Court directed that these matters be heard in tandem.

A copy of Appellant's 33-page appendix in Docket No. 22-204 is annexed hereto as **Exhibit "A."** Appellant's appendix consists of a printout of the lower court docket (A. 1 – 27), the January 28, 2022 Order (A. 28), the final Judgment (A. 31), Appellant's Notice of Appeal (A. 33), and nothing else. The Notice of Appeal (A. 33) states that is it from a January 28, 2022 Order (A. 28), but does not reference the final Judgment. (A. 31).

Appellant's brief from Docket No. 22-204, annexed hereto as **Exhibit "B,"** contains an enormous amount of factual discussion without any citation, where citations are provided they are to material that was not included in the appendix, and several of the citations, including alleged quotes, refer generally to a voluminous administrative record rather than identifying to particular pages.

Similarly, a copy of Appellant's 58-page appendix from Docket No. 21-2647 is annexed hereto as **Exhibit "C,"** consisting of a docket printout, copy of an Order dated October 11, 2021, and a notice of appeal from that specific Order rather than the final judgment; and Appellant's brief for Docket No. 21-2647, annexed hereto as **Exhibit "D,"** makes factual arguments by citing generally to the administrative record rather than identifying specific pages.

**DISCUSSION**

These notices of appeal are defective, as they are appeals from Orders rather than final Judgments. *See Alfaro v. Wal-Mart Stores, Inc.,* 210 F.3d 111, 114 n.1 (2d Cir. 2000). Under Docket No. 21-2647, Appellant appears to be focused on the substantive IDEA issues that are discussed in the Order that is referenced in the Notice of Appeal appeal, rather than the civil rights claims that were dismissed on the pleadings pursuant to a prior Order. However, in Docket No. 22-204, much of Appellant's argument appears to be directed towards issues that were addressed in an Order dated January 25, 2021 (wherein Plaintiffs' motion for summary judgment on his IDEA claims was denied), rather than the Order that is referenced in the Notice of Appeal (which primarily dealt with the civil rights claims).

If the Court were to overlook that defect, Appellant's appendices are also extraordinarily deficient, and do not include the pleadings, any of the underlying evidentiary submissions, or a copy of the report and recommendation that was adopted and is now being challenged under Docket No. 22-204.

These deficiencies are particularly problematic in light of Appellant's briefs, which contain an enormous amount of factual argument without adequate or in many cases any citation to evidentiary material. In many instances, Appellant merely cites to the administrative record generally, without any further details, and even when purportedly quoting testimony or referring to a particular witness he

fails to specify where, among multiple days of hearing transcripts, the specific testimony he is referring to can be found. (See, e.g. 22-204 App. Brief, **Exhibit "B,"** Pgs. 31 and 34; 21-2647 App. Brief, **Exhibit "E,"** Pgs. 9, 19 – 23).

Appellant did not confer with Appellees regarding the preparation of these appendices, and what they submitted lacks any of the material that would be needed to evaluate their arguments on the merits. Appellants' arguments are primarily fact-specific, but if their factual contentions are not summarily disregarded due to the lack of proper citation to the record, evaluating those arguments will require either the Court's staff or Appellees, or both, to unnecessarily undertake the extraordinarily burdensome task of perusing thousands of pages in an effort to identify the material Appellant should have properly identified and included in the appendices to these appeals.

## **CONCLUSION**

WHEREFORE, it is respectfully requested that the Notice of Appeal, Appendix, and Appellant's Brief in the within matters be stricken; together with such other and further relief in Appellees' favor as is deemed just, equitable, and proper.

Dated: July 5, 2022            Respectfully submitted,

                                              DEVITT SPELLMAN BARRETT, LLP

                                              */s/ Scott Kreppein*
                                              By: Scott J. Kreppein
                                              50 Route 111, Ste 314
                                              Smithtown, NY 11787
                                              (631) 724-8833